

David M. Friedman
Joseph A. Gershman
KASOWITZ, BENSON, TORRES
   & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
dfriedman@kasowitz.com
jgershman@kasowitz.com

*Counsel to Plaintiff Adelphia Recovery Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADELPHIA RECOVERY TRUST, <br><br> Plaintiff, <br> vs. <br><br> PRESTIGE COMMUNICATIONS OF NC, INC., *et al.*, <br><br> Defendants. | 07-CIV-11152 (LMM) <br><br> (Related to 03 MDL1529 (LMM) <br> and 05 Civil 9050 (LMM)) |

## CONSENT PROTECTIVE ORDER
## FOR DISCLOSURE OF TAX INFORMATION

### RECITALS

1. On November 29, 2007, the Defendants served their Seventh Request for the Production of Documents seeking in Request Number 7 the following: All federal tax returns filed by Adelphia for the fiscal year 2006, including all supporting work papers, electronic spreadsheets, and subsidiary schedules which refer or relate to said tax return. Defendants Seventh Request for the Production of Documents in Request Number 8 further sought the following: All amended federal tax returns filed by Adelphia for the fiscal year 2000, including

all supporting work papers, electronic spreadsheets, and subsidiary schedules which refer or relate to said tax return. The Plaintiff Adelphia Recovery Trust ("Plaintiff") objected to the Defendants' requests in its Objections and Responses to the Defendants' Request for the Production of Documents served on January 2, 2008.

  2. On or about March 24, 2008, the Defendants served a Subpoena on certain members of the Rigas family that sought the production of Adelphia tax documents. Request Number 7 in the Subpoena sought [a]ll federal tax returns filed by Adelphia or the [Rigas Family] Entities for the fiscal year 2000 as originally prepared that relate to the [Prestige] Transaction, including all supporting work papers. Request Number 8 in the Subpoena sought [a]ll state tax returns filed by Adelphia or the [Rigas Family] Entities for the fiscal year 2000 as originally prepared that relate to the [Prestige] Transaction, including all supporting work papers. Request No. 9 to the Subpoena sought [a]ll amended federal or state tax returns filed by Adelphia or the [Rigas Family] Entities for the fiscal year 2000 that relate to the [Prestige] Transaction, including all supporting work papers. Request No. 10 to the Subpoena sought "[d]ocuments relating to the accounting treatment and tax treatment of the [Prestige] Transaction. Plaintiff filed a motion for a protective order in response to the Subpoena on May 6, 2008, requesting that the Rigas Family's production of any tax documents for Adelphia or any Rigas Family Entity that Plaintiff asserts was acquired by Adelphia[1] be subject to this Consent Protective Order.

---

[1] The Rigas Family Entities that Plaintiff asserts were acquired by Adelphia are Highland Prestige of Georgia, Inc., Highland Video Associates, LP, Hilton Head Communications, LP, Ionian Communications, LP, and Prestige Communications, Inc., (the "Acquired Rigas Family Entities.")

-2-

3.  On May 27, 2008, the parties reached a resolution, whereby the Plaintiff agreed to produce certain of Adelphia's Tax Documents in response to Defendants Seventh Request for Documents, subject to terms and conditions. In addition, on May 27, 2008 the parties agreed that any tax documents for Adelphia or any Acquired Rigas Family Entity produced by the Rigas Family in response to the Subpoena (collectively along with the Adelphia Tax Documents, the "Tax Documents") would be produced by the Rigas family only to Plaintiff, which would then produce them subject to terms and conditions.

4.  The parties agree to the entry of this Consent Protective Order for Disclosure of Confidential Tax Information ("Protective Order") to facilitate the disclosures contemplated herein. This Order shall not affect any rights that either Plaintiff or Defendants has under the Federal Rules of Civil Procedure, including, without limitation, any right Defendants might have to seek additional documents.

5.  It is hereby ORDERED that the following provisions govern the conduct of further proceedings in this Action:

## DEFINITIONS

6.  The term "Confidential Tax Information" means any document or other tangible thing or oral testimony that contains or reveals what the Plaintiff considers to be their highly confidential, sensitive and personal tax information. Plaintiff must act in good faith in designating information as "Confidential Tax Information." Confidential Tax Information may include, without limitation, documents and information produced during discovery, documents and information produced by non-parties which the producing party is under an obligation to maintain in confidence or Plaintiff requests be maintained in confidence, deposition or hearing

transcripts and tangible things or objects that are designated as containing information that is protected from disclosure under the terms of this Protective Order.

### DESIGNATION OF PROTECTED INFORMATION

7. Plaintiff must designate any material that they believe contains or comprises Confidential Tax Information as follows: "CONFIDENTIAL: TAX" on any document containing Confidential Tax Information.

8. The term "Qualified Person" means:

(a) Troutman Sanders LLP ("Troutman") attorneys, limited to two partners, four associates, and two paralegals currently representing Defendants in the Action. Before each Troutman attorney and paralegal may review Confidential Tax Information, each Troutman attorney and paralegal must sign an agreement to be bound (the "Agreement") in the form of Exhibit A to this Protective Order;

(b) No more than four independent experts, who specialize in tax analysis and who are retained by Troutman in connection with the subject matter of this Action solely for the purpose of assisting in this Action to give expert testimony or tax-related analysis with regard to the Confidential Tax Information. For purposes of this Protective Order, "independent expert" means a person who is not a party, or an employee of a party. Before each such independent expert may review Confidential Tax Information, each such independent expert must sign the Agreement in the form of Exhibit A to this Protective Order;

(c) No more than five independent experts, who specialize in financial analysis and who are retained by Troutman in connection with the subject matter of this Action solely for the purpose of assisting in this Action to give expert testimony or financial analysis with regard to

the Confidential Tax Information. For purposes of this Protective Order, "independent expert" means a person who is not an employee of a party. Before each such independent expert may review Confidential Tax Information, each such independent expert must sign the Agreement in the form of Exhibit A to this Protective Order;

    (d)    Jonathan J. Oscher, Lorraine Osher McClain, Robert F. Buckfelder, John H. Culver, III and Earline Holmes may review Confidential Tax Information. Before any of these individuals may review Confidential Tax Information, each person must sign the Agreement in the form of Exhibit A to this Protective Order; and

    (e)    Any witness at a duly noticed deposition or any court proceeding provided Plaintiff receives written notice of the identity of the witness at least seven days before the noticed deposition or court proceeding. The Plaintiff reserves the right to seek a further protective order from this Court, seeking to prohibit the introduction of any Confidential Tax Information at any such deposition or court proceeding. Any copies of Confidential Tax Information shown to such witness must be retrieved from the witness by the disclosing party's counsel at the conclusion of the deposition or other proceeding and, subject to Paragraph 11 below, must not be affixed to any transcript of the witness's testimony;

    (f)    Any court reporter/stenographer hired to perform services in connection with this case; and

    (g)    Any other person who is designated as a Qualified Person by order of the Court or by written agreement of the parties.

Troutman shall retain all of the original executed Agreements.

9. Information designated as "Confidential Tax Information" may only be disclosed to Qualified Persons, as defined in paragraph 8.

10. The parties recognize that due to personnel changes or a change in professionals retained in the course of this Action, the need to modify the list of Qualified Persons in Paragraph 8 (a) – (c) may arise. In the event that such a need arises, any modification to previously identified Qualified Persons in Paragraphs 8 (a) – (c) must be done upon prior conferral with and written approval by the Plaintiff.

11. Confidential Tax Information disclosed at any deposition in this case may be designated by Defendants as either Confidential Tax Information on the record at the deposition or by serving a written notification on the Plaintiff within 15 days after the taking of the deposition, with respect to documents, and within 15 days after receipt of the written transcript of the deposition, with respect to testimony. With regard to testimony, such written notification must identify the Confidential Tax Information contained in specific pages of the transcript of the deposition. A copy of such written notification must be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. A deponent that is not a Qualified Person may review the transcript of his or her deposition at any time, provided, however, that to the extent there are exhibits to a deponent's deposition that constitute Confidential Tax Information, copies of such exhibits must be separated from the transcript and reviewed by the deponent only under supervision of counsel for the party who noticed the deposition and such deponent must not be allowed to retain any copies of Confidential Tax Information.

12.  If Plaintiff designates information as Confidential Tax Information on the record at a deposition, the court reporter, to the extent possible, must segregate into separate transcripts information designated as Confidential Tax Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the Court may direct.

13.  The inadvertent failure by the Plaintiff to designate specific documents or materials as containing Confidential Tax Information is not a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon notice to the Defendants of such failure to designate, the Defendants must cooperate as is reasonable to restore the confidentiality of the inadvertently disclosed information.

### USE OF CONFIDENTIAL TAX INFORMATION

14.  Confidential Tax Information may be used solely for the purpose of this Action.

15.  This Protective Order expressly prohibits copying, scanning or uploading to an electronic database any Confidential Tax Information produced by the Plaintiff (or non-parties who have an obligation to maintain the confidence of such information or do so at Plaintiff's request) by anyone other than the Plaintiff. The prohibitions and limitations of this Paragraph will not apply to deposition transcripts marked as Confidential Tax Information pursuant to Paragraph 11 above, provided such deposition transcripts are not uploaded onto any external electronic databases (external electronic databases are those electronic databases not maintained and controlled internally by Troutman) and access to such deposition transcripts, including any copies of such deposition transcripts, is restricted to Qualified Persons.

16.     Plaintiff will produce to Defendants five copy sets of all Confidential Tax Information produced, subject to Paragraph 26 below; but in any event, Defendants shall not have more than five official copy sets of the Confidential Tax Information in their possession at any time. Each copy set will be identified as "Official Copy # ___" and will be maintained and stored at all times during this Action by Troutman at its office located at 600 Peachtree Street, N.E., Atlanta, Georgia 30308, except as may be necessary to transport official copies of the Confidential Tax Information to and from depositions or court. Troutman shall store the Confidential Tax Information in a secure location in its office such that access is limited to Qualified Persons.

17.     Defendants shall not transmit any Confidential Tax Information by e-mail or facsimile. The prohibitions and limitations of this Paragraph will not apply to deposition transcripts marked as Confidential Tax Information pursuant to Paragraph 11 above, provided access to such deposition transcripts, including any copies of such deposition transcripts, is restricted to Qualified Persons.

18.     Defendants shall not transmit Confidential Tax Information by United States Mail or third-party courier service, except as may be necessary to transport official copies of the Confidential Tax Information to and from depositions or court. The prohibitions and limitations of this Paragraph will not apply to deposition transcripts marked as Confidential Tax Information pursuant to Paragraph 11 above, provided access to such deposition transcripts, including any copies of such deposition transcripts, is restricted to Qualified Persons.

19. Nothing in this Protective Order prevents disclosure of Confidential Tax Information if Plaintiff consents to such disclosure in writing or if the Court, after notice to all parties, orders such disclosure.

20. In the event that Confidential Tax Information is sought from the Defendants by any person not a party to this litigation, by subpoena, by service with any legal process, by order or otherwise, Defendants must give written notice to Plaintiffs within three (3) business days of receipt of such subpoena, request, legal process or order. Notice by letter, facsimile, or electronic mail constitutes written notice. Any person seeking such Confidential Tax Information who takes action to enforce such subpoena or other legal process must be apprised of this Protective Order by the Defendants. After the receipt of the notice specified in this paragraph, Plaintiff shall have the sole responsibility for obtaining any order they believe is necessary to prevent disclosure of the Confidential Tax Information. If the Plaintiff does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Plaintiff and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Defendants, Defendants may commence production in response thereto on the date designated on the subpoena or request. In all other respects, Defendants shall cooperate with Plaintiff to the extent permitted by law. Notwithstanding the filing of a motion to quash or for a protective order, nothing in this paragraph requires Defendants to withhold production of documents during the pendency of the motion if not permitted by law to do so. The Protective Order will not restrict or interfere with any action or disclosure that may be required by law.

21. Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Confidential Tax Information is used or elicited from the deponent. To the extent that Qualified Persons not covered by Paragraph 8 are in attendance at a deposition where Confidential Tax Information is used, such person may be required by Plaintiff's counsel to leave the deposition during such portion of the deposition where Confidential Tax Information is used, and the parties shall otherwise shield disclosure of Confidential Tax Information from such person.

22. Plaintiff and its counsel may take other reasonable measures to protect Confidential Tax Information from unauthorized disclosure by redacting social security numbers and/or federal identification numbers contained in any Confidential Tax Information or seeking a further protective order.

23. Nothing in this Protective Order is deemed as a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure or the doctrines of attorney-client privilege or attorney work product.

## FILING OF PROTECTED INFORMATION

24 In the event that a party wishes to use any Confidential Tax Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be enclosed in a sealed envelope or other appropriate container. The sealed envelope or other appropriate container shall:

    (a) show the caption of this action;

    (b) identify its contents; and

(c) include the following legend:

**HIGHLY CONFIDENTIAL PROTECTED INFORMATION
FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

This envelope [or container] is sealed pursuant to court order and contains highly confidential protected information. This envelope [or container] was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by court order or by written stipulation of the parties.

25. The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Confidential Tax Information.

26. In the event Defendants file an official copy of the Confidential Tax Information with the Court, as provided in Paragraph 24 above, Defendants may request the Plaintiff to provide Defendants with an additional official copy of the Confidential Tax Information to replace the official copy filed with the Court. In accordance with this Paragraph, Defendants must provide Plaintiff with a written request for an additional official copy, and in such written request, expressly reference the pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court along with which the official copy was filed with the Court and the date it was filed; and upon receipt of such request, Plaintiff will have five business days to provide Defendants with an additional official copy. The additional official copy of the Confidential Tax Information will keep the sequential numbering of official copy sets as provided in Paragraph 16 above, commencing with "Official Copy # 6." There is no limit to requests for additional official copies Defendants may make under this Paragraph, so long as Defendants never have in their possession more than five

official copy sets of the Confidential Tax Information at any time. Notice under this Paragraph by letter, facsimile, or electronic mail constitutes written notice. Should an official copy set of the Confidential Tax Information be returned to the Defendants by the Court, Defendants will notify Plaintiff in writing within five business days, and make arrangements to return an appropriate number of official copy sets, so Defendants only retains five official copy sets in its possession.

27. Nothing in this Protective Order shall operate as an admission as to the admissibility, materiality or relevance of any Confidential Tax Information. All objections with respect to admissibility, relevance, materiality or otherwise arising under the Rules of Evidence are specifically reserved.

28. Nothing in this Protective Order prejudices the right of any party to seek at any time a further order to enforce or modify this Protective Order. Nothing in this Protective Order shall prevent a party from seeking, upon application to the Court, to modify this Protective Order for good cause shown.

29 Except as otherwise provided herein, within 120 days after the termination of this Action (including any appeals), all five official copies of Confidential Tax Information must be returned to the attorney of record for the producing party.

30. The provisions of this Protective Order survive and remain in full force and effect after the termination of this Action (including any appeals).

31. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Protective Order.

SO ORDERED, this 2 day of _June_ 2008.

Dated: New York, New York

_____
Honorable Lawrence M. McKenna
United States District Court Judge

-13-

Case 1:07-cv-11152-LMM    Document 21    Filed 06/03/2008    Page 13 of 16

Honorable Lawrence M. McKenna
United States District Court Judge

CONSENTED TO BY:

By: _____
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David M. Friedman
Joseph A. Gershman
1633 Broadway
New York, New York 10019
Telephone No.: (212) 506-1700
dfriedman@kasowitz.com
jgershman@kasowitz.com

*Counsel for Plaintiff*
*Adelphia Recovery Trust*

By: _____
TROUTMAN SANDERS LLP
Douglas E. Ernst (Ga. Bar No. 249956)
Harris B. Winsberg (Ga. Bar No. 770892)
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone No.: (404) 885-3000
douglas.ernst@troutman.com
harris.winsberg@troutman.com

*Counsel for Defendants*



## EXHIBIT A

David M. Friedman (DF-4278)
Joseph A. Gershman (JG-8275)
KASOWITZ, BENSON, TORRES
    & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
dfriedman@kasowitz.com
jgershman@kasowitz.com

*Counsel to Plaintiff Adelphia Recovery Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADELPHIA RECOVERY TRUST, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRESTIGE COMMUNICATIONS OF NC, INC., *et al.*, )<br>)<br>)<br>Defendants. )<br>) | 07-CIV-11152 (LMM)<br><br>(Related to 03 MDL1529 (LMM)<br>and 05 Civil 9050 (LMM) |

## DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1. My present employer is _____ and the address of my present employer is _____
_____
_____.



2.  My present occupation or job description is _____

_____

_____.

3.  I have received a copy of the Protective Order to which the parties have agreed in this Action, which I understand will be entered or has been entered by the Court presiding over this Action.

4.  I have carefully read and understand all of the provisions of the Protective Order.

5.  I will comply with all of the provisions of the Protective Order.

6.  I will hold in confidence, will not disclose to anyone except Qualified Persons, and will use only for purpose of this Action, any Confidential Tax Information that is supplied to me.

7.  I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and may be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

8.  I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____    _____