# TROUTMAN SANDERS LLP
### ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

BANK OF AMERICA PLAZA
600 PEACHTREE STREET, N.E. - SUITE 5200
ATLANTA, GEORGIA 30308-2216
www.troutmansanders.com
TELEPHONE: 404-885-3000
FACSIMILE: 404-885-3900

**MEMO ENDORSED** (P. 2)

Harris B. Winsberg
harris.winsberg@troutmansanders.com

Direct Dial: 404-885-3348
Direct Fax: 404-962-6719

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/17/08

July 16, 2008

RECEIVED
IN CHAMBERS

JUL 17 2[...]

LAWRENCE M. McKENNA
[...] SDNY

**VIA FEDERAL EXPRESS**

The Honorable Lawrence M. McKenna
United States District Court
Southern District of New York
500 Pearl Street, Room 1640
New York, New York 10007-1213

Re:   *Adelphia Recovery Trust v. Prestige Communications of NC, Inc., et al.*,
      Civil Action File No. 07 Civ. 11152(LMM), United States District Court,
      Southern District of New York

Dear Judge McKenna:

On behalf of the Defendants in the above-captioned matter (the "Prestige Defendants"), we respectfully submit this letter in response to Mr. Gershman's letter to Your Honor, dated July 8, 2008.

As the Court is aware, on June 23, 2008, the Prestige Defendants submitted a letter to Your Honor requesting a pre-motion conference pursuant to Local Rule 37.2 with respect to the production of the Deloitte Materials (as defined in the June 23rd letter), and on July 8, 2008, the Court entered an order authorizing the Prestige Defendants to file a motion to compel the production of the Deloitte Materials. On July 14, 2008, the Prestige Defendants filed their motion to compel the production of the Deloitte Materials.

On the same day that the Court entered its order, Mr. Gershman submitted his letter to Your Honor via hand delivery while his letter was delivered to us via first class mail. We did not receive Mr. Gershman's letter until the afternoon of July 14.

As to merits of Mr. Gershman's letter, the Prestige Defendants respectfully disagree and submit that separate briefing as to the production of the Deloitte Materials is necessary as now evidenced by the differences set forth in the two pending motions. For example, the Bank

**TROUTMAN SANDERS LLP**
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

Hon. Lawrence M. McKenna
July 16, 2008
Page 2

*The Prestige defendants' motion having been filed, the Court does not see that a conference is necessary. Plaintiff may respond to the motion on such schedule as may be agreed to. So ordered.*

*[signature] LMM 7/17/08*

Defendants and Prestige Defendants have articulated different relevancy arguments in support of their motions to compel (*i.e.*, in the Bank case, the documents are sought primarily because of their relevancy to issues of alleged damages whereas in the Prestige case, the documents are sought primarily because of their relevancy to issues of alleged claims of insolvency and/or inadequate capitalization). *Cf. Memorandum of Law in Support of Bank Defendants' Motion to Compel* at p.7 ("Expert materials from the Deloitte Action, in which Plaintiffs have sued Deloitte for the same damages arising from the same alleged Rigas family and Adelphia companies management wrongdoing as alleged in this action could not be more relevant.") *with Memorandum of Law in Support of Prestige Defendants' Third Motion to Compel* at p. 9 ("Solvency is essentially a legal test based upon an analysis of numbers. The Deloitte Materials help determine which set of numbers should be analyzed; they test the accuracy and propriety of Adelphia's originally audited financials with those that were restated. Thus, they are patently relevant."). As a result, the Prestige Defendants respectfully submit that separate briefing by the parties is necessary.

Furthermore, we are constrained to correct the record as to Mr. Gershman's representation that Plaintiff attempted to resolve this issue by suggesting that the Prestige Defendants stipulate to abide by the ruling of the Court on the Bank Defendants' motion to compel. While we attempted in good faith to resolve this discovery dispute, Plaintiff never suggested to the Prestige Defendants that they stipulate to abide by the ruling of the Court on the Bank Defendants' motion to compel. Instead, at the last conferral on this topic in June 2008, Plaintiff, for the first time, referred the Prestige Defendants to Plaintiff's opposition brief to the Bank Defendants' motion to compel but merely to explain its refusal to produce the Deloitte Materials.

Finally, unlike the Bank Litigation, Plaintiff notes that no mediator has been appointed in this case. Plaintiff, however, has not discussed the appointment of a mediator with the Prestige Defendants at any time in this four year old case. Thus, we respectfully submit that any discussion of the appointment of a mediator is premature until after the parties confer on this matter.

We are available at Your Honor's convenience should the Court wish to schedule an informal conference or otherwise discuss this matter.

Respectfully,

*Harris Winsberg*
Harris B. Winsberg

HBW:bkf
cc:   Joseph A. Gershman, Esq. (via federal express)