David M. Friedman (DFriedman@kasowitz.com)
Joseph A. Gershman (JGershman@kasowitz.com)
Jennifer B. Schwarz (JSchwarz@kasowitz.com)
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1700
(212) 506-1800 (facsimile)

*Counsel for Plaintiff Adelphia Recovery Trust*

---------------------------------------------------------------x
ADELPHIA RECOVERY TRUST,                :
                                        :   No. 07 Civ. 11152 (LMM)
                Plaintiff,              :
                                        :
        - against -                     :
                                        :
                                        :   **DECLARATION OF**
PRESTIGE COMMUNICATIONS OF NC,          :   **JOSEPH A. GERSHMAN**
        INC., *et al.*,                 :
                                        :
                Defendants.             :
---------------------------------------------------------------x

JOSEPH A. GERSHMAN, an attorney admitted to practice before this Court, declares under penalty of perjury as follow:

1.   I am a member of the law firm of Kasowitz, Benson, Torres & Friedman LLP, counsel to Plaintiff Adelphia Recovery Trust (the "ART") in the above-captioned action. I am fully familiar with the statements set forth below based upon my personal knowledge.

2.   I submit this declaration in support of Plaintiff's Memorandum of Law in Opposition to Defendants' Third Motion to Compel the Production of Discovery.

3.   In or about November 2002, Adelphia commenced a lawsuit against its former auditor, Deloitte & Touche LLP, alleging professional negligence and other claims.

4. Deloitte's answer in that lawsuit also named certain members of the Rigas family as third-party defendants.

5. Adelphia, Deloitte, and the Rigas' thereafter each designated experts to testify on a variety of subjects.

6. I am informed that expert reports in the Deloitte Litigation were first exchanged in October of 2006, and expert depositions were taken between January and June of 2007. None of the experts testified at trial, as a settlement was reached in August of 2007.

7. Discovery in the Prestige Litigation has been long and expensive, as Defendants have served no fewer than eight overly expansive document requests, comprising over 130 individual requests, in a case that involves only one transaction — the Prestige acquisition — and three claims. Defendants' eight document requests have been duplicative, abusive and overly broad.

8. In May 2008, after fact discovery had terminated under the current scheduling order, and after informing the Court in January that document discovery was nearly complete, the Defendants went ahead and served yet another document request, their Eighth Request for the Production of Documents, comprised of 22 individual requests.

9. In response to Defendants' never ending requests, the ART has produced in excess of 17 million pages of documents.

10. It is a testament to the efforts the ART has gone to accommodate Defendants that they have only had to file three motions to compel in the course of discovery in light of the enormous number of burdensome and overly broad document requests they have propounded.

11. During discovery, the ART has been forced to file two motions to compel against the Defendants: the first resulted in Defendants producing roughly one-third of the documents on

their privilege log; the second, which sought certain tax-related documents, resulted in Defendants' complete capitulation, and their agreement to produce all of the documents being sought after the motion was fully briefed, but prior to oral argument.

12. Fact discovery in this case slowed substantially as of January 15, 2008 when Defendants unilaterally announced that they would refuse to appear for their noticed fact depositions while the Court considered whether and/or how to consolidate discovery between the Prestige and Bank Litigations. Defendants took this position even though none of the proposals under discussion contemplated having any effect on Defendants' depositions.

13. The ART, in an effort to keep fact discovery moving, suggested that the parties complete outstanding document discovery and the depositions that did not overlap with those in the Bank Litigation.

14. In response to a request from the Court for proposals regarding consolidation, the ART moved to consolidate the depositions of individuals expected to be deposed in both the Prestige and Bank Litigations.

15. In response to Request No. 9 of Defendants' Fourth Document Request, the ART provided docket information to the Defendants so that they could collect whatever they wanted from the public filings in the cases they were interested in.

16. When informed that the ART did not plan to include these lawsuits in its solvency analysis of Adelphia, Defendants informed the ART that they were not going to pursue Request No. 9 from their Fourth Document Request. The ART did not withdraw its objections to this request, or produce documents in response to it.

17. The ART has never withdrawn its objections to Request No. 9 of Defendants' Fourth Document Request.

18.    Mr. Dunstan's deposition transcripts are not the subject of the Motion, as they have already been produced to Defendants, and therefore there are no privilege objections at issue here. Defendants never met and conferred with the ART on the privilege issue prior to filing their Motion, or this would have been explained to them.

19.    Other than making conclusory assertions that the Expert Materials are "patently relevant" to this case, Defendants have never been able to articulate during the meet and confer process why they are relevant to the claims and defenses in this case, or, why the Defendants are entitled to these documents under the Federal Rules.

20.    The ART has already produced enormous amounts of factual material relating to Adelphia's financial condition, and its original and restated financial statements.

21.    Defendants have been provided with enormous amounts of raw factual data concerning Adelphia's financial condition in the 1999-2000 time period with respect to both the original and restated financials — information which Defendants are free to use to analyze Adelphia's financial condition during the relevant time period.

22.    With respect to its privilege objection, the ART only asserted a privilege objection to the production of the deposition transcripts of Christopher Dunstan. These transcripts have already been produced to Defendants with Defendants' agreement that production does not constitute a waiver — and therefore this issue is moot.

Dated: New York, New York
       July 30, 2008

                                                    /s/ Joseph A. Gershman
                                                    Joseph A. Gershman